## John C. Harper v. Charles Scott.

1. Trover—*Certainty of Description—Proof.*—Where the action is for the conversion of the sum of $428.06, of the value of $428.06, it is not error to instruct the jury that if they believe from the evidence that the money so converted did not amount to, but was less than the sum of $428.06, as charged, then they should find the defendant not guilty.

2. SAME—*Conversion of Money.*—Where the action is for the conversion of money, if the money be described as a specific lump sum of a certain value, the precise amount must be proved to have been converted, for the sum named is the only descriptive feature of the money.

Trover, for so much money converted. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 13, 1896.

EDWARD J. QUEENY, attorney for appellant.

RICH & STONE and RANDALL W. BURNS, attorneys for appellee, contended that where the plaintiff declares in trover, as in the case at bar, for the specific sum of 428.06 in money, such amount is not divisible, and plaintiff must prove conversion of the whole of that sum or fail to recover, on account of variance.

The general rule of law is clear, that to support trover the plaintiff must have the right to some identical or specific goods. 1 Chitty on Pleadings 147, Par. 148.

Trover does not lie for money had and received generally. The money alleged to have been converted must be specifically set forth as so many bank bills, treasury notes, so much coin, or so many pieces of gold or silver. 1 Chitty on Pleadings 147, Par. 148; Wells on Replevin, page 41, Ch. 3, Sec. 59; Dows v. Bignam, 29 Cal. 619.

Even if the instructions complained of were erroneous, it would not have injured the plaintiff and would not therefore be reversible error, for in any case had the court not given the instructions complained of and had a verdict and judgment thereon been obtained for the plaintiff, the court would have been obliged to arrest such judgment because of the indefiniteness of the second count in plaintiff's declaration. McElhan v. Farmers' Alliance Warehouse Co., 22 S. E. Rep. 686.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was an action of trover, and resulted in a verdict in

favor of the defendant (appellee here), upon which a judgment for costs was entered against the appellant, who was the plaintiff below.

The declaration consisted of two counts, the first one of which alleged the conversion by appellee to his own use of certain groceries, etc., of the value of $428.06; and the second, the conversion by appellee of the sum of $428.06 in money, of the value of $428.06.

The proof failed to sustain the allegations of the first count of the declaration, and the court properly instructed the jury to find the defendant (appellee) not guilty as to that count; and for such instruction we do not find that appellant makes any objection in his brief.

Complaint, however, is made of three instructions given with reference to the second count, as follows:

"I. The court instructs the jury that if they believe from the evidence that the defendant Scott did receive and convert to his own use money belonging to the plaintiff, still if they believe from the evidence that the money so converted did not amount to, but was less than the sum of $428.06, as charged in the second count of the plaintiff's declaration, then they should find the defendant not guilty, on the said second count."

"III. The court instructs the jury that unless they believe from the evidence that the defendant received the sum of $428.06, as charged in the second count of the plaintiff's declaration, they should find the defendant not guilty as to that count."

"VIII. The jury are instructed that if they believe from the evidence and under these instructions that the defendant is not guilty of wrongfully converting to his own use money of the plaintiff in this cause, to the value of $428.06, they should find their verdict in the following form: 'We, the jury, find the defendant not guilty.'"

Such instructions substantially state the law as applicable to the second count.

The allegation of that count is of the conversion of certain "goods and chattels, to-wit: the sum of four hundred

twenty-eight dollars and six cents in money of the value of four hundred twenty-eight and 06.100 dollars."

The declaration was therefore for a certain sum, and not for a number of dollars. Omitting to discuss whether a count in trover be good which alleges that a specific sum of money was converted, and does not set forth the money as so many dollars, bank bills, treasury notes or pieces of coin, of a particular value, with the particularity required in replevin, where restitution of the thing itself is sought, it seems quite certain that if the money be described as a specific lump sum of a certain value, the precise amount must be proved to have been converted, for the sum named is the only descriptive feature of the money.

It was held in Clement v. Brown, 30 Ill. 43, that the judgment in trover must be reversed where, in the judgment, was included the value of items which could not be recovered for in that form of action.

The action, it is said, will not lie for money had and received, "but it may be maintained for so many pieces of gold or silver, though not in a bag." 1 Chitty Pl. (16th Am. Ed.), 213 (star page 166).

The action of trover is one form of trespass on the case, and in Holmes v. Hodgson, 8 Moore 379 (17 Eng. Com. Law, 543), the declaration in trespass for breaking the close and taking chattels, which described the goods as "one hundred articles of household furniture and one hundred articles of wearing apparel," without describing their nature or quality, was held to be subject to a general demurrer.

It was held in McElhannon v. Farmers Alliance Warehouse Co., 95 Ga. 670, that a declaration in trover brought for the recovery of money described as "three thousand five hundred dollars lawful money of the United States," was too vague and indefinite in its description of the property.

True, that action was brought under the provisions of the Georgia code, which required a description of the property, but the reasoning of the court seems to be applicable to cases generally in trover.

We think there was no substantial error in the instructions complained of.

On the merits, also, we think the judgment was correct. The evidence tended strongly to show, and the jury had the right to conclude, under other instructions that were given, that the appellee was the purchaser of the goods delivered to him by appellant, and was not his agent to sell the same.

If the appellant has any right of action against the appellee, it would seem to be not in trover for the sum of money alleged in the declaration.

The judgment is affirmed.