MID-AMERICA FIRE AND MARINE INSURANCE COMPANY, Plaintiff-Appellee, *v.* H. FRANK MIDDLETON *et al.*, d/b/a Middleton & Craver, Defendants-Appellants.

Fourth District   No. 4—84—0140

Opinion filed September 5, 1984.

James L. Ayers and Kenneth E. Baughman, both of Monticello, for appellants.

Mark T. Petty, of Arcola, for appellee.

JUSTICE WEBBER delivered the opinion of the court:

Defendants appeal from a judgment entered by the circuit court of Champaign County in a bench trial in favor of the plaintiff and against the defendants.

The amended complaint upon which the case was tried is a paradigm of the obscurantism which infects present-day pleading, the sum of which ofttimes appears to be: write a letter to the judge and let him divine the theory of the action. With such powers of divination as we still possess, we construe the amended complaint as one grounded in the ancient action of trover and conversion and will deal with it in that context. Even though common law forms of action have long since been abolished in this State, if one seeks relief of the kind formerly encompassed by them, the same substantial averments as existed must be pleaded. Compare *Bauscher v. City of Freeport* (1968), 103 Ill. App. 2d 372, 243 N.E.2d 650.

The facts, as found in the evidence and the exhibits in the case, may be summarized as follows:

The plaintiff's insureds, John and Margaret Unwiler, were killed in an automobile accident in 1974. Pursuant to the terms of the respective liability insurance policies, plaintiff paid $6,000 under each policy to the decedents' daughter as administrator of her parents' estates. At the time the administrator accepted the $12,000 in insurance proceeds, she signed a release prepared by the plaintiff wherein she agreed to reimburse the plaintiff out of the proceeds of any wrongful death recovery, less the reasonable costs incurred in effecting said recovery.

The administrator later initiated a wrongful death action and retained the defendants to represent her in that matter. Thereafter, the administrator was named a defendant in a related declaratory judgment action. In exchange for the defendants' agreement to represent her in the declaratory judgment action, the administrator agreed to pay them 50% of any amount recovered in the wrongful death action.

The wrongful death action was subsequently settled for a total of $30,000, representing $15,000 for each death. The settlement check was made payable to the administrator and the defendants. The administrator then petitioned the court to settle the cause of action and to make payments to herself, the defendants, and the plaintiff. The attorney's fees and litigation costs were deducted proportionately from the administrator's share and the plaintiff's share of the proceeds. As a result, approximately 50% of the amount owed to the plaintiff pursuant to the release was withheld as attorney's fees and costs, and it received slightly less than $6,000 as total reimbursement under both policies. The circuit court approved this settlement distribution in an order dated September 20, 1976.

After the proceeds of settlement were distributed, a dispute arose between the plaintiff and the defendants as to the reasonableness of defendants' fees. This was the origin of the instant litigation.

Plaintiff's original complaint was dismissed on motion of the defendants and on leave granted an amended complaint was then filed. After alleging the facts of the deaths, its payment of $12,000, its subrogation thereto, and the filing of the wrongful death suits, the plaintiff's operative allegations were:

"7. That on or about September 20, 1976, the foregoing litigation was settled by said defendants and the sum of $15,000.00 was paid jointly to said defendants and the Estate of John A. Unwiler and the sum of $15,000.00 was paid jointly to said defendants and the Estate of Margaret G. Unwiler.

8. That at the time of the payment referred to hereinabove, the Defendants knew of the interest of the Plaintiff referred to hereinabove in paragraph 4.

9. That in spite of the knowledge referred to hereinabove, the Defendants withheld from the sum of $12,000 due to the Plaintiff, $6,052.96 and converted the same to their own use.

10. That the withholding referred to hereinabove was without the Plaintiff's authority, agreement, or consent and was unlawful.

11. That in the alternative, the Defendants are entitled to be compensated only for the fair value of any services that they performed; said services being valued at substantially less than the sum withheld by the Plaintiff, $6,052.96."

Defendants filed a motion to dismiss the amended complaint and an answer thereto. The gist of the motion was that the amended complaint failed to state a cause of action for conversion. That motion was denied, and the cause proceeded to trial at bench. After hearing

evidence and considering exhibits, the trial court entered judgment in favor of the plaintiff and against the defendants in the sum of $6,052.96. The court made no findings in support of its judgment.

The written judgment order was entered October 27, 1983, and on November 28, 1983, defendants filed a post-trial motion pursuant to section 2—1203 of the Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1203.) That motion again attacked the amended complaint as insufficient in law. It was denied.

On December 23, 1983, defendants filed a motion for attorney fees under section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611), alleging allegations in the complaint were made without reasonable cause and were untrue. That motion was also denied. This appeal then ensued.

Three issues are raised on appeal: (1) the sufficiency of the amended complaint, (2) the manifest weight of the evidence, and (3) the section 2—611 fees.

■ As a preliminary matter, plaintiff claims that defendants have waived the question of the sufficiency of the amended complaint by filing an answer after denial of their motion to dismiss. Defendants indicate that they discern a conflict in our decisions in *Worner Agency, Inc. v. Doyle* (1984), 121 Ill. App. 3d 219, 459 N.E.2d 633, and *People ex rel. Defanis v. Futia* (1978), 56 Ill. App. 3d 920, 373 N.E.2d 530.

We do not agree that any such conflict exists. Both decisions reflect different aspects of the general rule stated in *Wagner v. Kepler* (1951), 411 Ill. 368, 371, 104 N.E.2d 231, 233, where it is said:

> "While defects in a complaint containing an incomplete or otherwise insufficient statement of a good cause of action may be waived, the question of whether a complaint absolutely fails to state or indicate any ground of liability which the law will recognize can be raised at any time."

In applying this rule to the instant case, we find that the defendants have waived the question of the sufficiency of the amended complaint and that the trial court did not commit reversible error in denying their motion to dismiss.

■ A proper complaint for conversion should allege: (1) an unauthorized and wrongful assumption of control, dominion, or ownership by a person over the personalty of another; (2) his right in the property; (3) his right to the immediate possession of the property, absolute and unconditional; and (4) a demand for possession thereof. *Farns Associates, Inc. v. Sternback* (1979), 77 Ill. App. 3d 249, 252, 395 N.E.2d 1103, 1106.

Even a casual reading of the complaint in this case reveals a woeful lack of these specific allegations. However, when read as a whole, especially paragraph 9 ("converted the same to their own use"), it would be apparent that an attempt to allege conversion has been made. Therefore, the amended complaint is marginally sufficient. Pleadings are to be liberally construed and, if they fairly apprise the defendant of that with which he is being charged, they will be allowed to stand. (*People ex rel. Scott v. College Hills Corp.* (1982), 91 Ill. 2d 138, 435 N.E.2d 463.) Tested by this standard, the allegation, "conversion," while conclusional, told the defendants the nature of the lawsuit, when read with the other allegations. There was no absolute failure under *Wagner* to state a cause of action.

A party claiming conversion must establish by a preponderance of the evidence the same elements set forth from *Farns* above. We find that the plaintiff has failed to do so; that the trial court's judgment was against the manifest weight of the evidence; and that therefore that judgment must be reversed without remand.

Initially, plaintiff did not, and could not, prove that the defendants' assumption of control over a portion of the wrongful death proceeds was unauthorized. As has been indicated above, that control came about as a result of an order of distribution made by the circuit court of Champaign County. An act which would otherwise constitute a conversion is privileged when done pursuant to a court order. Restatement (Second) of Torts sec. 266 (1965).

More importantly, conversion will lie only for a specific chattel.

"Trover lies for specific chattels wrongfully converted, and not for money had and received for payment of debts. It does not operate on chattels generally, but specifically, such as money in coin or bills, animals, or other property capable of identification as being the actual property or thing wrongfully taken and converted." *Kerwin v. Balhatchett* (1909), 147 Ill. App. 561, 565-66.

Under the terms of the release prepared by plaintiff and signed by the administrator of the estates of plaintiff's insureds, plaintiff had a right to reimbursement from any settlement growing out of the wrongful death actions. However, that reimbursement, according to the release itself, was to be reduced by plaintiff's "proportionate share of all reasonable costs incurred in effecting said recovery." Thus plaintiff had no right to a specific fund or specific money in coin or bills. Its right was only to an indeterminate sum.

If plaintiff determined to bring a common law action, the proper one would be assumpsit for money had and received. Compare *Janes*

*v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605.

The same thing is true of the third element of a conversion action, *i.e.*, an absolute and unconditional right to immediate possession. Plaintiff's right to possession, if any, was conditioned upon the deduction of reasonable costs.

We turn last to the question of the section 2—611 fees. That section (Ill. Rev. Stat. 1983, ch. 110, par. 2—611) authorizes the trial court to impose attorney fees upon a party who pleads allegations which are untrue or made without reasonable cause. A motion must be made within 30 days of judgment or dismissal. In this case the judgment was entered on October 27, 1983, and the motion was not made until December 23, 1983. No mention of any such fees was made in defendants' post-trial motion filed November 28, 1983. The motion under section 2—611 was obviously untimely.

On the merits, apart from the question of timeliness, the motion points out no specifically untrue statements nor statements made without reasonable cause. It made only general allegations about the complaint as a whole. The same is true of defendants' brief in this court. The trial court heard arguments on the motion and found that no untrue statements were made in plaintiff's pleadings. There was no abuse of discretion in this finding.

For all the foregoing reasons, the orders of the circuit court of Champaign County denying defendants' motion to dismiss the amended complaint and denying attorney fees are affirmed; the judgment of the court in favor of the plaintiff and against the defendants is reversed.

Affirmed in part, and reversed without remandment.

MILLS, P.J., and TRAPP, J., concur.