751 F.2d 265
 I.S. JOSEPH COMPANY, INC., a Minnesota corporation, Appellant,
v.
J. LAURITZEN A/S, a Danish corporation; Scout Shipping Co.,
Inc., a Liberian corporation; Leif Svanberg; Partrederiet
Lista, a Norwegian partnership; Partrederiet Polycrest, a
Norwegian partnership; Einar Rasmussen; A/S Mosvolds
Rederi, a Norwegian corporation; Tarald Glastad; Einar
Fredvik; Terje Mikalsen; Erik Hellstenius; and Nordisk
Skibsrederforening, a Norwegian club, Appellees.
 No. 84-5047.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 10, 1984.
Decided Dec. 27, 1984.
 
 Maslon, Edelman, Borman & Brand, Hyman Edelman, William Z. Pentelovitch, Lawrence M. Shapiro, Minneapolis, Minn., for appellant I.S. Joseph Co., Inc.
 Bassford, Heckt, Lockhart & Mullin, P.A., William E. Mullin, Roy E. Potter, Minneapolis, Minn., for appellees.
 Before ARNOLD, FAGG and BOWMAN, Circuit Judges.
 ARNOLD, Circuit Judge.
 
 
 1
 I.S. Joseph Company, Inc. (JOSCO), appeals from the District Court's entry of summary judgment in favor of defendants (shipowners). JOSCO brought suit against shipowners under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Secs. 1961-68 (1982). Shipowners are foreign individuals and business entities. As to some of them, the District Court[1] held that it lacked personal jurisdiction, on the ground that they had had insufficient contacts with the forum state to meet the requirements of due process. As to the remaining defendants, summary judgment was granted on the ground that "as a matter of law ... the activities of defendants' [sic] complained of by plaintiff in this suit are not those intended to be remedied by RICO." I.S. Joseph Co. v. J. Lauritzen A/S, Civil No. 3-83-798, slip op. at 9 (D.Minn. Feb. 22, 1984).
 
 
 2
 The plaintiff JOSCO appeals, claiming that personal jurisdiction does exist because the predicate acts on which the alleged pattern of racketeering is based occurred in Minnesota. It also argues that the District Court's view that RICO does not cover the activities complained of is based on the theory that RICO applies only to "organized crime," a theory which, plaintiff correctly points out, this Court has rejected in Bennett v. Berg, 710 F.2d 1361, 1364 (8th Cir.1983) (en banc), cert. denied, --- U.S. ----, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983). We find it unnecessary to decide either of these points. We can affirm a judgment on any grounds fairly supported by the record. Brown v. St. Louis Police Department, 691 F.2d 393, 396 (8th Cir.1982), cert. denied, 461 U.S. 908, 103 S.Ct. 1882, 76 L.Ed.2d 812 (1983). We hold that the threats to sue characterized in the complaint as "extortion" do not in fact fit this definition and therefore do not qualify as acts of racketeering bringing RICO into play.
 
 I.
 
 3
 Shipowners are owners and lessors of vessels. At various times prior to 1981 JOSCO's subsidiary, I.S. Joseph Shipping Co. (Shipping), entered into separate charter agreements with shipowners for the lease of the vessels. In 1981 Shipping became insolvent. JOSCO's president and Shipping's general manager engaged in a series of meetings with shipowners to negotiate a settlement of the debt. Shipowners demanded that JOSCO pay Shipping's debt or inject fresh capital into the company. JOSCO refused the demand on the grounds that it had no obligation to pay the debt and that if it did it would break a loan agreement with Northwestern National Bank of Minneapolis (Bank).
 
 
 4
 At one of these meetings, the defendant Hellstenius, a lawyer representing several shipowners, stated that if JOSCO did not pay the debt or inject new capital into the lessee his clients would sue JOSCO and the Bank. This threat to sue the Bank is the heart of JOSCO's cause of action. JOSCO alleges that the threat was made for the purpose of terrorizing and intimidating JOSCO into meeting shipowners' demands. According to JOSCO, this threat to sue was utterly groundless and amounts to "extortion."
 
 
 5
 The negotiations broke down, and no agreement was reached. Shipowners brought a state-court action against Shipping, JOSCO, the Bank, and Burton Joseph (Chairman of the Board of JOSCO). The District Court for the Fourth Judicial District of Minnesota granted the Bank's motion for summary judgment but refused to award attorneys' fees.[2] JOSCO commenced this RICO action to obtain injunctive relief and damages for the severe injury that it alleges the threat of suit caused to its relationship with the Bank.
 
 II.
 
 6
 RICO creates a private cause of action with a recovery of treble damages for "[a]ny person injured in his business or property by reason of a violation of Section 1962." 18 U.S.C. Sec. 1964(c) (1982). JOSCO asserts a claim against shipowners pursuant to 18 U.S.C. Sec. 1962(c) (1982), which makes it unlawful "for any person employed by or associated with any enterprise ... to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity ...." In addition JOSCO asserts a claim against shipowners for conspiring to violate 18 U.S.C. Sec. 1962(c) (1982), which is a violation of 18 U.S.C. Sec. 1962(d) (1982). A "pattern of racketeering activity" is defined as at least two acts of "racketeering within a period of ten years. 18 U.S.C. Sec. 1961(5) (1982). "Racketeering" is defined to include certain types of crimes, one of which is extortion. 18 U.S.C. Sec. 1961(1)(A) (1982). Under 18 U.S.C. Sec. 1951 extortion is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear ...."
 
 
 7
 Certainly a threat to bring a civil action, however groundless, does not involve "force" or "violence," and we do not understand JOSCO to contend otherwise. Rather, the argument is that the threat of suit against the Bank amounted to the infliction of "fear" within the meaning of the criminal statute prohibiting extortion. The purpose of the threat, plaintiff says, was to frighten it into paying or guaranteeing the debts of Shipping, in order to avoid a disruption of its relationship with the Bank. We cannot agree that the threat alleged here constituted the infliction of "fear" for purposes of the extortion statute. We assume for purposes of argument (though the state court has found otherwise) that the threat to sue was groundless and made in bad faith. Such conduct may be tortious under state law, but we decline to expand the federal extortion statute to make it a crime. JOSCO cites no authoritative case law to support this proposition. Only two cases are cited on the point in its brief. The first case is an unpublished opinion of the United States District Court for the Northern District of Illinois. An unpublished opinion ordinarily has no value as precedent in this Court.[3] The second case cited has been misconstrued by JOSCO and does not support its contentions.[4]
 
 
 8
 In reaching this result we have in mind two additional factors. First, criminal statutes are to be strictly construed, and only the most liberal construction of the word "fear" in the extortion statute could make it apply to the conduct alleged in this complaint. Second, if we were to hold that two threats to file a civil action, or, as one theory asserted in the complaint would have it, one threat to file a civil action and one instance of travel for the purpose of making such a threat, constituted a "pattern of racketeering activity," citizens and foreigners alike might feel that their right of access to the courts of this country had been severely chilled. Judges and lawyers often complain that the courts are inundated with a flood of litigation, but the fact remains that litigation is as American as apple pie. If a suit is groundless or filed in bad faith, the law of torts may provide a remedy. Resort to a federal criminal statute is unnecessary.
 
 The judgment of the District Court is
 
 9
 Affirmed.
 
 
 
 [1]
 The Hon. Paul A. Magnuson, United States District Judge for the District of Minnesota
 
 
 [2]
 The Hon. Robert E. Bowen, District Judge, stated that "[s]hipowners' claims and legal theories have been determined by this Court to have lacked merit, but they were not so totally devoid of substance as to amount to being frivolous or asserted in bad faith." In Re: Shipowners Litigation, No. 789161, slip op. at 10 (4th Dist.Minn. June 12, 1984) (memorandum and order granting summary judgment and dismissing complaint against Norwest Bank Minneapolis). At the oral argument we were informed that a motion for reconsideration of this refusal to award fees had been argued in July and was awaiting decision by the District Court
 
 
 [3]
 Local Rule 8(i) of this Court states: "CITATION OF UNPUBLISHED OPINION. No party may cite an opinion that was not intended for publication by this or any federal or state court, except when the cases are related by virtue of an identity between the parties or the causes of action."
 
 
 [4]
 Batten v. Abrams, 28 Wash.App. 737, 626 P.2d 984 (1981), actually holds that the mere filing of a civil suit, known to be groundless, is not the tort of abuse of process under Washington law. Some additional act, such as attachment, execution, garnishment, sequestration, or arrest of the person is required. In the course of its opinion the court refers to these additional required acts as "a form of extortion." 28 Wash.App. at 746, 626 P.2d at 989. We think the court used the word "extortion" in a nontechnical sense, but in any case Brattem does not hold that the mere filing of a civil suit can be a crime, either under federal or state law