Jim MOSES, et al.,
Plaintiffs-Appellants,

v.

COUNTY OF KENOSHA, a body politic
and corporate, et al.,
Defendants-Appellees.

No. 86–3125.

United States Court of Appeals,
Seventh Circuit.

Argued June 9, 1987.

Decided Aug. 17, 1987.

Michael Null, The Law Office of Michael
Null, Chicago, Ill., for plaintiffs-appellants.

Michael T. Hopkins, The Law Office of Michael T. Hopkins, Milwaukee, Wis., for defendants-appellees.

Before CUMMINGS, FLAUM, and EASTERBROOK, Circuit Judges.

PER CURIAM.

Plaintiffs are the owner, employees, and a former employee of The Odyssey, an adult bookstore in Kenosha County, Wisconsin. In January 1986 the County passed an ordinance prohibiting the sale of "obscene material", defined as "a writing, picture, sound recording or film" which:

1. The average person, applying contemporary community standards, would find appeals to prurient interests if taken as a whole;

2. Under contemporary community standards, describes or shows sexual conduct in a patently offensive way; and

3. Lacks serious literary, artistic, political or scientific value as measured by objective standards if taken as a whole.

Kenosha County Municipal Code § 9.10.-2(1)(a). The fines for violating the ordinance range from $500 for a first offense to $10,000 for multiple infractions within a 365–day period. In addition, jail terms of up to six months may be imposed for failure to pay the fines assessed.

Since the ordinance was enacted, the County has issued citations to each plaintiff for violating the ordinance. On April 23, 1986, plaintiffs filed this action seeking a declaratory judgment that the ordinance violates both the United States Constitution and Wisconsin law, and an injunction against enforcement of the ordinance. Plaintiffs moved for a preliminary injunction on July 10, 1986. The district court exercised its authority under Fed.R.Civ.P. 65(a)(2) to consolidate the hearing on the request for injunctive relief with the trial on the merits, and it ruled on November 21, 1986, 649 F.Supp. 451, that the ordinance is constitutional under the standards of *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). The district court then abstained from deciding whether the ordinance violates Wisconsin law. Plaintiffs appealed to this court, arguing only the question under Wisconsin law, disregarding the district judge's abstention on that issue. The County and its officials, rather than pointing out the flaws in this approach, replied that the ordinance is permissible under Wisconsin law.

Our review of the district court's decision is complicated by the odd posture of the case. Plaintiffs made two kinds of challenges to the ordinance: that it violated the first amendment to the Constitution, as applied to the states via the fourteenth, and that it violated Wisconsin law. The former claim is within the jurisdiction of the federal courts under 28 U.S.C. § 1331, the latter within the court's pendent claim jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). After ruling that it would be inappropriate to abstain on the federal constitutional question under *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), the court upheld the ordinance under the first amendment. Then the court said it would abstain from deciding the pendent state claim on the ground that "[t]his is a matter to be more appropriately addressed by either the Wisconsin Legislature or Wisconsin courts." The court nonetheless concluded its opinion by stating, "judgment is entered on behalf of the defendants and against the plaintiffs and the action dismissed." The judgment indeed dismisses the whole case.

The district court could not both abstain and dismiss the entire action. The plaintiffs overlooked this and chose to appeal on the state law issue, which the district court never decided. The result of these two oversights is a confusing appeal.

I

"Abstention" is the rubric applied to a congeries of statutory and judicially created doctrines which either require or intimate (more or less strongly) that a federal court not entertain a claim pressed before it. All of these doctrines are designed to afford state courts and other organs of state government a measure of respect. A few also reflect the judicial preference for avoiding unnecessary questions of constitutional law. Although the rationales differ in detail, the application of each doctrine results in the federal court declining to hear a claim, either until the state court has an opportunity to address it, e.g., *Pullman*, 312 U.S. at 501–02, 61 S.Ct. at 645–46, or absolutely, e.g., *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

*Pullman* abstention is invoked to obviate the need to decide a federal constitutional issue where an unsettled question of state law might be dispositive. Although *Pull-*

*man* abstention might have been appropriate here, the district court's reference to abstention could not have been to the *Pullman* version. The court specifically held that *Pullman* abstention was improper because "it might take over a year before the Wisconsin Supreme Court could hear and decide" a parallel challenge to the ordinance being made in the state court system.* Moreover, even if the district court had not eschewed reliance on *Pullman,* its action would be inconsistent with *Pullman's* rationale and requirements. Here the court decided the constitutional issue that it perhaps should have avoided. More: a court abstaining under *Pullman* does not dismiss the action; it retains jurisdiction of the federal claim pending the state court's decision on the state law issue. That way, if the disposition of the state issue does not resolve the controversy between the parties, the federal court can rule on the federal constitutional claim. *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

*Younger* abstention also might have been a reasonable way for the district court to dispose of this case. *Younger* and related cases establish that in most circumstances a federal court should not interfere with pending state court proceedings, even where constitutional objections have been raised, as long as state courts offer the parties an adequate opportunity to obtain a decision on their contentions. The record in this case indicates that state proceedings were brought against at least some of the plaintiffs in 1986, although it is not clear when these proceedings commenced. The defendants did not invoke *Younger,* but the Supreme Court has not decided whether a state forfeits the protection of *Younger* by silence. Cf. *Ohio Bureau of Employment Services v. Hodory,* 431 U.S. 471, 477–80, 97 S.Ct. 1898, 1902–04, 52 L.Ed.2d 513 (1977) (a state may waive *Younger's* benefits explicitly). Nevertheless, if the district court were employing *Younger* the appropriate procedure would have been to dismiss the entire action without deciding the first amendment issues.

Once the federal constitutional claims have been adjudicated, the purpose of abstaining has vanished.

 There are a few other judicially created abstention doctrines, see, e.g., *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); and *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), but none is applicable to the case at hand. Moreover, these doctrines share with *Pullman* and *Younger* the characteristic that, when applicable, they require the district court to dismiss all claims without prejudice to the plaintiff's right to raise the same contentions in a state tribunal. Therefore, no matter what doctrine the district court thought it was employing in deciding to abstain from adjudicating the plaintiffs' challenge under Wisconsin law, abstention was not proper once the first amendment claim had been adjudicated. And even if abstention were appropriate, the court should not have entered a judgment for the defendants dismissing the entire case. The appropriate tack to take would have been to enter judgment for defendants on the first amendment claim and to dismiss the pendent claim without prejudice.

## II

 We conclude, nonetheless, that the district court was justified in declining to reach the merits of plaintiffs' state law claim once it found the ordinance to be constitutional. The justification is not based on principles of abstention, however.

*Gibbs* establishes that, as a rule, when the court dismisses the federal claim before trial, it also should dismiss any pendent state claim without prejudice, so that the plaintiff may pursue that claim in the appropriate state tribunal. 383 U.S. at 726–27, 86 S.Ct. at 1139–40. There are two exceptions to this rule. The first covers the situation where the statute of limitations has run on the pendent claim, precluding the filing of a separate state lawsuit. *O'Brien v. Continental Illinois National Bank & Trust,* 593 F.2d 54, 65 (7th Cir.

---

* It is not clear why the district court thought that proceeding relevant to its determination about the propriety of *Pullman* abstention. Nothing in the record indicates whether that proceeding involves these plaintiffs or even whether the same state law issues are raised. Moreover, when *Pullman* itself was decided by the Supreme Court, the Pullman Company was faced with the need to file a fresh state suit, after it had already spent much time litigating in the federal courts. The Supreme Court did not consider the cumulative delay a sufficient objection to abstention.

1979). This exception does not hold, however, if the district court conditions its relinquishment of jurisdiction on the defendants' waiving their statute of limitations defense in state court. *Duckworth v. Franzen,* 780 F.2d 645, 656 (7th Cir.1986). Second, and more important for our present purposes, dismissal of the pendent claim is unnecessary when "substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." *Graf v. Elgin, Joliet & Eastern Ry. Co.,* 790 F.2d 1341, 1347–48 (7th Cir. 1986). This exception derives from *Rosado v. Wyman,* 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970), where the Supreme Court emphasized the "commonsense policy of pendent jurisdiction—the conservation of judicial energy and the avoidance of multiplicity of litigation" in holding that jurisdiction over the federal claim need not exist at all stages of the litigation to support resolution of the pendent claim. *Id.* at 405, 90 S.Ct. at 1214.

Applying *Gibbs* and its "judicial economy" exception to our case, the district court should have dismissed the pendent state claim. Although the hearing on the preliminary injunction was combined with "trial on the merits" under Fed.R.Civ.P. 65(a)(2), neither the record nor the district court's opinion supports a conclusion that the parties or the judge gave any substantial consideration to the plaintiffs' state law claim. In the absence of such consideration, the district court would have no less work to do if we remanded the pendent claim than a state court would face if the plaintiffs filed a separate action or asserted their claims as a defense to the ongoing state proceedings. In such circumstances, judicial economy is not served by the federal courts' retaining jurisdiction of the state claim, and it should be dismissed.

### III

■ Dismissal of the pendent claim is appropriate, of course, only if it *is* a pendent claim, which is to say one based on state law. At oral argument, when the court pointed out to counsel for the plaintiffs that dismissal might have been proper under *Gibbs,* counsel responded that the issue was actually federal in nature. Our review of the issue as plaintiffs have framed it, however, demonstrates that this claim depends exclusively on Wisconsin law.

Since the claim has metamorphosed during the course of the litigation, we discuss both of its forms. Count IV of the complaint sketches the claim as follows: After *Miller,* the Wisconsin Supreme Court first limited, *State ex rel. Chobot v. Circuit Court,* 61 Wis.2d 325, 212 N.W.2d 690 (1973), then struck down, *State v. Princess Cinema,* 96 Wis.2d 646, 292 N.W.2d 807 (1980), the state criminal obscenity statute under the first amendment. The Wisconsin legislature has not enacted a substitute law since 1980, thus evincing (plaintiffs say) a state policy against regulating such speech. Local government units like the County of Kenosha may not attempt to regulate obscene speech in the face of contrary state policy. Therefore, § 9.10.2 violates Wisconsin law.

To the extent that plaintiffs are asking us to find that the views of the State of Wisconsin (expressed by its silence) on the proper scope of regulation of obscenity trump the views of the County of Kenosha, they present a pure question of state law admirably suited for determination by the state courts. It is obvious that this claim provides no basis for jurisdiction in the federal courts.

■ On appeal, however, plaintiffs make a different argument, which they characterize as federal. They claim that *Chobot* and *Princess Cinema* establish that the first amendment requires the "patent offensiveness" of the depicted sexual conduct to be judged by reference to the work as a whole. Since the Kenosha ordinance does not gauge offensiveness on this basis, plaintiffs contend, it is unconstitutionally narrow. Plaintiffs do not say that the Supreme Court of the United States takes this view of "patent offensiveness"; at oral argument they conceded that it does not. Yet because Wisconsin state courts' decisions are binding in Wisconsin, they contend, plaintiffs believe they have a federal issue.

It does not appear that this argument was made below, so it has been waived. We would be entitled to disregard it. *Bailey v. Bicknell Minerals, Inc.,* 819 F.2d 690, 692 (7th Cir.1987). Yet it necessitates little effort to demonstrate that this is an absurd claim, which cannot confer jurisdiction on the federal courts. *Hagans v. Lavine,* 415 U.S. 528, 537, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974).

If we were an intermediate appellate court of Wisconsin, we would be obliged to

follow the Supreme Court of Wisconsin's interpretation of the first amendment (at least to the extent the interpretation does not conflict with decisions of the Supreme Court of the United States). But the decision of a state court on an issue of federal constitutional law is not authoritative in the federal courts. The most it may do is persuade. Here, however, the plaintiffs do not use these decisions for their persuasive force. They relied instead directly on *Miller* for their three distinct first amendment challenges to the Kenosha ordinance. These challenges have been carefully reviewed and decided by the district court. Plaintiffs do not pursue them on appeal. It is ridiculous to argue that somehow a colorable first amendment issue remains in the case on the basis of *Chobot* and *Princess Cinema*. Federal-question jurisdiction cannot be based on state cases alone.

The judgment of the district court is AFFIRMED IN PART, REVERSED IN PART, and REMANDED with directions to dismiss Count IV of plaintiffs' complaint without prejudice.