Kimberly A. SUTHERLAND, Plaintiff,

v.

Paul R. O'MALLEY, and O'Malley &
O'Malley, Ltd., Defendants.

No. 85 C 221.

United States District Court,
N.D. Illinois, E.D.

June 2, 1988.

Kimberly A. Sutherland, Chicago, Ill., and Ronald A. Bredemann, Floor, Bredemann and Evans, Park Ridge, Ill., for plaintiff.

John A. O'Malley and Thomas D. Nissen, O'Malley and O'Malley, Ltd., Chicago, Ill., for defendants.

### MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

After contracting to represent Kerwin Albright in a personal injury action, Kimberly Sutherland sought the assistance of Paul O'Malley and O'Malley & O'Malley (collectively "O'Malley") as co-counsel. Albright's case settled, but his attorneys' dispute over the proper allocation of the fee resulted in the filing of this lawsuit.

Sutherland's pleadings (consisting of her first amended complaint and an amendment to it) allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* (1984 & 1988 Supp.), and the common law causes of conversion, fraud, and interference with business relationships. Judge Marshall

granted summary judgment in favor of defendants on the conversion count, *Sutherland v. O'Malley*, No. 85–221 slip op. (N.D. Ill. July 11, 1985) [available on WESTLAW, 1985 WL 2173], and this court followed suit in the RICO count, dismissing the remaining claims for lack of jurisdiction. *Sutherland v. O'Malley*, No. 85–221, Order of September 21, 1987.

Sutherland now asks this court to reconsider those rulings. For the reasons stated below, her motions are denied.

### DISCUSSION

■ This court first finds that it has jurisdiction to adjudicate Sutherland's motions. On July 25, 1985, Sutherland asked Judge Marshall to reconsider his ruling on Count II and he took the matter under advisement. *See* Minute Order of July 25, 1985. Because that motion was never ruled on, this court's September 21, 1987 order did not dispose of the case.

Reconsidering another judge's decision, however, is not a matter to be taken lightly. The Seventh Circuit has advised that such re-examination is appropriate only where the prior ruling is clearly erroneous or manifestly unjust. *Eades v. Thompson*, 823 F.2d 1055, 1061 (7th Cir.1987); *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir.1985); *see Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 604–05 (7th Cir.1987) (discussing the law of the case doctrine).

■ Reconsideration is not warranted in this case because Judge Marshall's order rests on firm legal ground. As he ruled, Sutherland's failure to show that she is entitled to a precise sum of money is fatal to her claim for conversion. *Mid–America Fire and Marine Insurance Company v. Middleton*, 127 Ill.App.3d 887, 892–93, 82 Ill.Dec. 555, 468 N.E.2d 1335 (4th Dist. 1984); *Harper v. Scott*, 63 Ill.App. 401, 404 (1st Dist.1896). Sutherland has conceded that her contract with O'Malley gives him a right to an unspecified portion of the fee, thus she can claim only an indeterminate sum. *Compare Mid–America, supra* (trial

court's ruling in favor of plaintiff reversed where defendant entitled to reimbursement out of money sought by plaintiff).

■ Sutherland tries to denigrate the importance of her agreement with O'Malley by claiming that she has the sole lien on Kerwin Albright's settlement award and that therefore O'Malley must seek recovery through her. In making that argument, however, Sutherland assumes that O'Malley's only basis for compensation is a contingency fee and his only method for obtaining such compensation is an attorney's lien. Yet Illinois law clearly provides that in any case, O'Malley would be entitled to a reasonable fee for the value of his services. *See de Korwin v. The First National Bank of Chicago*, 155 F.Supp. 302, 307 (N.D.Ill.1957); *Mecartney v. Wallace*, 214 Ill.App. 618, 622 (1st Dist.1919); 4 Illinois Law and Practice, *Attorneys and Counselors* § 136 at 241 (1971). Because O'Malley has this independent right to a portion of the fee, Sutherland cannot demonstrate "that the money claimed ... at all times belonged to [her] and that [O'Malley] converted it to his own use." *In re Thebus*, 108 Ill.2d 255, 261, 91 Ill.Dec. 623, 483 N.E.2d 1258 (1985); *see also, Mid–America, supra*, 127 Ill.App.3d at 893, 82 Ill.Dec. 555, 468 N.E.2d 1335.

Finally, Sutherland makes the misplaced argument that any right O'Malley may have to the fee is no defense to an action for conversion. Neither this court nor Judge Marshall has ever considered O'Malley's defenses. Instead, the relevant question has always centered on whether Sutherland could establish her claim. Moreover, the case cited by Sutherland, *Weiland Tool & Manufacturing Company v. Whitney*, 100 Ill.App.2d 116, 241 N.E.2d 533 (1st Dist.1968), *rev'd on other grounds*, 44 Ill.2d 105, 251 N.E.2d 242 (1969), cannot be as forceful as the authorities cited earlier because the subject of the conversion action in that case was machinery rather than money. Accordingly, Sutherland's motion to reconsider Judge Marshall's ruling is denied.[1]

---

**1.** This court expresses no opinion on whether

Sutherland could recover on the $415.55 in ex-

Sutherland's second motion to reconsider concerns her RICO claim. This court previously held that Sutherland failed to create a triable issue of fact regarding the existence of a pattern of racketeering activity, and entered judgment in favor of defendants. *Sutherland v. O'Malley*, No. 85–221, Order of September 21, 1987.

Since the date of that order, the Seventh Circuit has decided several significant cases on the same issue. *Jones v. Lampe*, 845 F.2d 755 (7th Cir.1988); *Medical Emergency Service Associates v. Foulke*, 844 F.2d 391 (7th Cir.1988); *Liquid Air Corporation v. Rogers*, 834 F.2d 1297 (7th Cir. 1987); *Appley v. West*, 832 F.2d 1021 (7th Cir.1987). Most importantly, the Seventh Circuit has ruled that "the repeated infliction of economic injury upon a single victim of a single scheme is sufficient to establish a pattern of racketeering activity for purposes of civil RICO." *Liquid Air, supra* at 1305. We thus must look more closely at the other factors relevant to the pattern requirement, such as the number and variety of predicate acts, the length of time over which they were committed, and the presence of distinct injuries. *Morgan v. Bank of Waukegan*, 804 F.2d 970, 975 (7th Cir. 1986).

Sutherland alleges the following predicate acts. Sometime between March, 1978 and July, 1979, O'Malley falsely told Albright that she was out of the case. In September, 1982, O'Malley sent forged releases of attorney's liens to Sam Miller and Donald Brown, attorney for two of the defendants, and five months later he failed to correct the third attorney's impression that she did not have an attorney's lien on the settlement. Finally, once the settlement checks came in, O'Malley again told Albright she was out of the case, and then attempted to extort her into giving up her share of the fee.

The various predicate acts cited by Sutherland can be described as fraud, mail fraud, and extortion. They cannot all be counted, however, for purposes of the pattern requirement. We begin by analyzing fraud.

■ Even assuming common law fraud is a racketeering activity within the meaning of 18 U.S.C. § 1961(1) (1988 Supp.), Sutherland cannot base such a claim on the statements allegedly made by O'Malley to Albright. Under Illinois law, the elements of fraud are (1) a false statement of material fact; (2) known or believed to be false by the party making the statement; (3) an intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party as a result of that reliance. *Michaels v. Michaels*, 767 F.2d 1185, 1205–06 n. 8 (7th Cir.1985). Here, neither Sutherland nor Albright can be the "other party". Sutherland has presented no evidence that Albright was damaged, nor can she show that the statements were made to or intended to be relied upon by her. *Redarowicz v. Ohlendorf*, 95 Ill.App.3d 444, 448, 50 Ill.Dec. 892, 420 N.E.2d 209 (4th Dist. 1981), *aff'd in part*, 92 Ill.2d 171, 65 Ill. Dec. 411, 441 N.E.2d 324 (1982); 19 Illinois Law and Practice, *Fraud* § 13 at p. 574 (1956).

■ Sutherland's extortion allegations, based on the Hobbs Act, 18 U.S.C. § 1951 (1984), are similarly infirm. Extortion clearly is a racketeering activity within the meaning of RICO, *see* 18 U.S.C. § 1961(1), but Sutherland cannot show that the "threats" made by O'Malley are actionable under the Hobbs Act.

The claimed threats were made in letters written by O'Malley to Sutherland. In the first, he states that he is holding the disputed fees in a separate account, that he is available to discuss the division of the fees with her, and that his position is that the fees should be split equitably. *See* Exhibit B to Defendant's Response to Plaintiff's Motion for Summary Judgment on the Conversion Count. The second letter recounts O'Malley's disappointment at Sutherland's

penses that O'Malley allegedly converted. Because it was not raised in the motion to reconsider, this court deems it waived. *Cf. Yatvin v. Madison Metropolitan School District,* 840 F.2d

412, 420–21 (7th Cir.1988) (failure to raise issue in district court waives it for purposes of appeal).

filing suit against him, his hope that they could resolve the matter out of court, and his suggestion that she consult Rule 2–107 of the Illinois Supreme Court Rules regarding division of attorneys' fees. In addition, Sutherland submits an affidavit in which she states that she feared she would receive no compensation in the Albright case unless she agreed to O'Malley's offer to give her 20% of the fee.

Sutherland cannot successfully establish the predicate act of extortion on these facts, because there is no evidence that O'Malley either intended to put her in fear or that her fear was reasonable. *See United States v. Capo,* 817 F.2d 947, 951 (2d Cir.1987). An analogous case is *I.S. Joseph Company, Inc. v. J. Lauritzen A/S,* 751 F.2d 265 (8th Cir.1984), in which the Eighth Circuit affirmed a grant of summary judgment in favor of defendants. There the parties reached a deadlock in contract negotiations, like the irreconcilable dispute Sutherland and O'Malley are having in this case, and one of the defendants threatened to file a baseless suit. The court ruled, as a matter of law, "that the threat alleged ... [could not] constitute[ ] the infliction of 'fear' for purposes of the extortion statute." *Id.* at 267. The same result must therefore obtain here.

Having found that Sutherland fails to establish the predicate acts of fraud and extortion, we turn finally to her mail fraud claims. At most, they encompass three distinct acts: O'Malley's use of the mails to send forged releases of attorneys' liens to Sam Miller and Donald Brown, and his failure to correct Thomas Burnham's impression that all attorneys' liens had been released. Sutherland brings the last act into the mail fraud statute by alleging that the release of attorney's lien sent by O'Malley to Burnham was misleading because it stated that it was in full satisfaction of liens.

■ These three acts of mail fraud, which span a five-month period, do not amount to a pattern of racketeering activity. Although it is true that Sutherland's name was omitted from three settlement checks as a result, we hold that this is not repeated economic injury within the meaning of RICO. It is undisputed that at most, O'Malley made a single decision to defraud, and that the harms suffered by Sutherland were cumulative rather than independent. *See Singh v. Curry,* 667 F.Supp. 603, 608–09 (N.D.Ill.1987) (Aspen, J.); *Radionic Industries, Inc. v. GTE Products Corporation,* 665 F.Supp. 622, 626–27 (N.D.Ill.1987) (Getzendanner, J.); *Fabrico Manufacturing Corp. v. Wilson Sporting Goods Co.,* 660 F.Supp. 601, 603–04 (N.D.Ill.1987) (Marshall, J.).

The strongest argument in Sutherland's favor must be premised on *Appley v. West, supra.* In that case, the Seventh Circuit held that RICO's pattern requirement was met where the defendant caused monthly bank statements and cancelled checks from two of plaintiff's bank accounts to be mailed to his law office. The court reasoned that the plaintiff was injured repeatedly because the defendant concealed the conversion of her funds from two separate bank accounts. *Id.* at 1027–28.

This case is different from *Appley,* however, in that O'Malley's alleged scheme necessarily ended with the third and last settlement check. This fact is significant because RICO was not meant to target the "isolated offender", but was instead limited "to those cases in which racketeering acts are committed in a manner characterizing the defendant as a person who regularly commits such crimes." *Lipin Enterprises Incorporated v. Lee,* 803 F.2d 322, 324 (7th Cir.1986) (citations omitted); *see Marks v. Pannell Kerr Forster,* 811 F.2d 1108, 1111 (7th Cir.1987). Sutherland has presented no such evidence, and nothing in *Appley* or the other recent cases suggests the Seventh Circuit's intent to retreat from this view. *See Jones v. Lampe, supra* at 757–59.

■ Sutherland argues, alternatively, that she was not the sole victim of O'Malley's supposed scheme. She claims that the three attorneys, Miller, Brown, and Burnham, as well as Albright, also were victims. In order to be counted as victims, however, these people had to have been injured by the predicate acts. *Liquid Air,*

*supra* at 1304. Sutherland argues that these people were injured because they are subject to double liability for the attorney's fee, but she has put forth no evidence in support of the argument. There are no facts suggesting that she has initiated suit against them, or that such a suit might be meritorious.

■ Sutherland's final assertion regarding a RICO pattern is that she has alleged more than one scheme. This argument is analogous, however, to the one rejected by the Seventh Circuit in *Medical Emergency Service Associates v. Foulke, supra* at 396–398. At most, Sutherland has alleged only distinct subschemes, not distinct schemes, so her motion to reconsider this court's ruling on the RICO count is denied.[2]

We come to the final issue. Sutherland asks that we retain jurisdiction over the remaining state law claims so that she does not have to refile her lawsuit in state court. Generally when a federal court dismisses a federal claim prior to trial, it should relinquish jurisdiction over any pendent state claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139–40, 16 L.Ed.2d 218 (1966).

■ There are, however, two exceptions to this rule. First, if the statute of limitations has run on a pendent state claim, the federal court normally should adjudicate it. *Moses v. County of Kenosha,* 826 F.2d 708, 710–711 (7th Cir.1987). This exception is inapplicable in the instant case because under Illinois law, Sutherland would have a year from the date of this order to refile her lawsuit. *See* Ill.Rev. Stat. ch. 110, ¶ 13–217 (1984). The second exception enables a district court to hear the state claims when the amount of judicial resources expended makes it inefficient to have another court decide the case. *Moses v. County of Kenosha, supra,* citing *Graf v. Elgin, Joliet & Eastern Ry. Co.,* 790 F.2d 1341, 1347–48 (7th Cir.1986).

■ Two claims remain in Sutherland's complaint. Although we may have considered related matters, this court has never had occasion to rule on them directly. Accordingly, it would not be wasteful for a state court to do so. *Moses v. County of Kenosha, supra.* Sutherland's request that we retain jurisdiction over her state law claims is therefore denied. They are dismissed without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

Plaintiff's motions to reconsider Judge Marshall's July 11, 1985, ruling and this court's September 21, 1987, order are denied. Judgment is entered in favor of defendants on Counts I and II, and the remaining claims are dismissed without prejudice for lack of subject matter jurisdiction.

---

**2.** Two final matters must be noted before we leave the subject of the pattern requirement. First, although Sutherland claims that O'Malley committed forgery, she does not plead forgery as a predicate act under RICO. This court determined not to consider her claim in that light because she used the same facts to allege mail fraud, and she cannot get two predicate acts out of a single misdeed. Secondly, Sutherland asserts that O'Malley admitted the sufficiency of the complaint by filing an answer, and cannot now claim that she failed to meet the pattern requirement. Other courts have adjudicated similar motions, however, *see Millonzi v. Bank of Hillside,* 1987 U.S. Dist. LEXIS 11821 (N.D. Ill.) (Williams, J.); [available on WESTLAW, 1987 WL 28279]; *Hamilton v. Northern Illinois Gas Company,* 1987 U.S. Dist. LEXIS 4810 (N.D. Ill.) (Marshall, J.); [available on WESTLAW 1987 WL 12190] *Poth v. Paschen Contractors, Inc.,* 1987 U.S.Dist. LEXIS 1964 (N.D.Ill.) (Kocoras, J.) [available on WESTLAW, 1987 WL 9331], and it is well-settled that motions for summary judgment may be used to attack legally insufficient claims. 6 *Moore's Federal Practice,* ¶ 56.11[2] at p. 5–108 to 109 (1988).