**Murphy Charles JONES, Appellant,**

v.

**Dick MOORE; Bob Faith; Cranston Mitchell; Wendy Mensey; G. Vanderhook; Doctor Schoenen, Appellees.**

**No. 91–3605.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 21, 1992.

Decided Feb. 19, 1993.

Murphy Charles Jones, pro se.

Michael Pritchett, Asst. Atty. Gen., Jefferson City, MO, for appellee.

Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Murphy Charles Jones, a Missouri inmate, appeals the district court's [1] grant of judgment on the pleadings in this 42 U.S.C. § 1983 action against Cranston Mitchell, Chairman of the Missouri Parole Board, and Wendy Mensey, a parole officer.[2] We affirm.

Jones alleged that Mensey interfered with his attempts to receive medical care while he was at the Salvation Army Harbor Light Halfway House (Harbor Light) and issued false rule violation reports against him, causing his parole to be revoked. Jones did not make any specific allegations against Mitchell. The defendants answered, raising a good faith defense, and then moved for judgment on the pleadings.

The district court ruled that Mitchell was entitled to absolute immunity because any claims Jones had against Mitchell arose out of performance of his official duties. The court ruled that Mensey was entitled to immunity because her "activities in this instance are similar to those of the Board of Probation and Parole." The court found that Jones "ha[d] not submitted proof that the conduct violations or incident reports

---

1. The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri.

2. Jones does not appeal the judgments entered in favor of defendants Schoenen, Faith, Vanderhook, and Moore.

entered at the halfway house were false or that Mensey knew they were false and had an improper motive for terminating [Jones's] participation in the program."

On appeal, Jones argues that the district court erred when it entered judgment in favor of Mitchell and Mensey because there were issues of fact still to be decided. Jones contends that Mensey's violation report was based on fabricated incident reports issued by Harbor Light and that he was deprived of the procedural due process requirements set out in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

We conclude the district court properly entered judgment on the pleadings in favor of Mitchell. As a member of the Missouri Parole Board, Mitchell is "entitled to absolute immunity while performing [his] official duties which, according to [Jones's] allegations" he must have been doing. *Gale v. Moore*, 763 F.2d 341, 344 (8th Cir.1985) (per curiam); *Evans v. Dillahunty*, 711 F.2d 828, 830–31 (8th Cir.1983) (parole officials entitled to absolute immunity when deciding to grant, deny, or revoke parole). In addition, Mitchell was entitled to judgment on the pleadings because Jones failed to allege any facts linking Mitchell to any of the claims raised in his complaint.

Mensey was not entitled to absolute immunity because a parole officer's issuance of a violation report is not akin to the activities of the parole board. *See Ray v. Pickett*, 734 F.2d 370, 373–74 (8th Cir. 1984). We nonetheless conclude that she was entitled to judgment. *See I.S. Joseph Co. v. J. Lauritzen A/S*, 751 F.2d 265, 266 (8th Cir.1984) (court can affirm judgment on any grounds supported by record). Giving the complaint a liberal construction, we believe Jones stated a claim against Mensey for deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Viewing all evidence, statements, and allegations in favor of Jones, however, Mensey was entitled to summary judgment because Jones failed to present any evidence that she was deliber-

ately indifferent—that she knew the violation reports were false and that she deliberately deprived Jones of necessary medical care. *See Parratt v. Taylor*, 451 U.S. 527, 548 n. 3, 101 S.Ct. 1908, 1919 n. 3, 68 L.Ed.2d 420 (1981) (Powell, J., concurring) (*Estelle* "requires consideration not only of the effect of an injury or loss on a citizen but also of the intent of the state official whose actions caused the injury or loss"), *cited with approval in Robinson v. Moreland*, 655 F.2d 887, 890 (8th Cir.1981).

We also conclude that *Wolff* is inapplicable because parole revocation proceedings are not the same as prison disciplinary proceedings, and it appears that all of the requirements of *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), were met. Jones was provided with written notice of the claimed violations of parole which he refused to sign, and he was informed that the two incident reports issued by Harbor Light constituted the evidence against him. *See id.* at 489, 92 S.Ct. at 2604. Jones does not raise any other issues which tend to suggest Mensey deprived him of any of the remaining procedural requirements set forth in *Morrissey*.

Accordingly, we affirm.