989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Arthur TOLER, Appellant,
v.
Ray NEW, Caseworker; Unknown Kemper, Housing Unit Manager;
Michael Shearin, Psychologist; Patricia Faherty, Appellees.
 No. 92-3293.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 23, 1993.
Filed: March 29, 1993.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Arthur R. Toler, a Missouri prisoner, appeals from the district court's[1] grant of summary judgment for defendants in his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 In his November 1991 complaint, Toler named as defendants Jefferson City Correctional Center (JCCC) employees, caseworker Ray New, psychologist Michael Shearin, housing unit manager Daniel Kemper, and caseworker Patricia Faherty. Toler alleged that defendants wrongfully disciplined him in retaliation for his complaint about not receiving medicine and because he refused to tell them the names of the IRS and FBI agents who were involved in a sting operation with him. He alleged that a doctor at Fulton mental hospital told defendants to stop his medicine when he returned to JCCC, and that Shearin refused to send him back to a mental hospital. He also alleged that Faherty did not visit him while he was in the suicide watch cell.
 
 
 3
 Defendants moved for summary judgment, asserting that Toler was placed in a suicide protection cell in response to a letter written to the district court in which he threatened suicide; Shearin determined that Toler was feigning illness; and New recommended Toler receive ten days in detention following his disciplinary hearing. In an attached affidavit, Shearin stated that the medical staff at Biggs Forensic Center discharged Toler because he did not have any serious psychological problems and his complaints were motivated by his desire to attain more pleasant living conditions. Shearin added that Toler threatened suicide frequently, but then denied the threats so that he would not be placed in administrative segregation. Faherty attested that she never received information that Toler requested that she visit him in TASC, and New attested that he based his decision that Toler was guilty of malingering on the statements of Shearin and on the suicide threat letter. After considering Toler's response, the magistrate judge recommended granting defendants summary judgment, determining that they did not violate Toler's due process rights.
 
 
 4
 We review a grant of summary judgment de novo and examine the record in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). Even though the district court did not address Toler's allegations of deliberate indifference to his serious medical needs, we affirm its judgment. See Jones v. Moore, 1993 U.S. App. LEXIS 2670, at (8th Cir. Feb. 19, 1993) (per curiam) (appellate court may affirm judgment on any grounds supported by record). Giving Toler's complaint a liberal construction, his allegation that Shearin refused to send him to a mental hospital states a claim for deliberate indifference to his serious medical needs. See Smith v. Jenkins, 919 F.2d 90, 92-93 (8th Cir. 1990) (deliberate indifference to a prisoner's mental-health-care needs violates Eighth Amendment). Shearin was entitled to summary judgment on this claim, however, because Toler did not offer any evidence to controvert Shearin's attestations that Toler often feigned illness to get attention, and that medical personnel at Biggs sent Toler back to JCCC because he did not suffer from serious psychological problems and he refused to sign himself into the facility. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-52 (1986) (nonmovant must offer controverting affidavits or evidence from which a reasonable jury could return a verdict in his favor).
 
 
 5
 Toler's allegation that a doctor from the Fulton facility told defendants not to provide him with medication does not state a claim against these defendants and appears to be contradicted by his argument on appeal that he needed an attorney because he was taking the medication. The district court did not abuse its discretion in denying without prejudice Toler's motion for appointment of counsel. See In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986). The factual and legal issues were not complex, and Toler exhibited an ability to present his claims. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986). We do not address Toler's claims raised for the first time on appeal as he has not shown that a manifest injustice will otherwise result. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985). Finally, we deny Toler's pending motions.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri