42 F.3d 1390
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Charles WARD, Plaintiff-Appellant,
v.
Jackie MOSS, Defendant-Appellee.
 No. 94-1417.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1994.
 
 1
 Before: MARTIN and BOGGS, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Michael Charles Ward, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and declaratory relief, Ward sued Moss, a former member of the Michigan Parole Board (MPB) in her individual capacity. In Ward's complaint, he essentially alleged that the defendant denied him due process in connection with his parole and any meaningful consideration for parole, that the defendant did not follow proper state procedures in the parole eligibility process and that the defendant retaliated against him for filing lawsuits and grievances against prison officials by denying him parole.
 
 
 4
 A magistrate judge recommended granting the defendant's motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6). After de novo review in light of Ward's objections, the district court adopted the report and recommendation of the magistrate judge and dismissed the case. The district court found that Ward had no constitutional or state-created right to parole and that Moss was entitled to absolute immunity from damages liability.
 
 
 5
 We agree Moss is entitled to absolute immunity because members of a parole board have absolute immunity from damages liability for actions taken in the performance of their duties regarding the granting or denying of parole. See Jones v. Moore, 986 F.2d 251, 253 (8th Cir.1993) (per curiam); Russ v. Uppah, 972 F.2d 300, 303 (10th Cir.1992); Farrish v. Mississippi State Parole Bd., 836 F.2d 969, 973-74 (5th Cir.1988). Because the actions of which Ward complains were taken by Moss in her position as a MPB member, she is entitled to absolute immunity from damages liability.
 
 
 6
 As to Ward's First Amendment claim of retaliation, the district court did not address this issue in its decision. Thus, we do not.
 
 
 7
 The district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation