## Penrod
### v.
### Pros. Atty of Scioto Cty.
*[Cite as 2 AOA 167]*

*Case No. 1771*
*Scioto County, (4th)*
*Decided April 12, 1990*

*R.C. 2933.41*

*Mr. Lynn Alan Grimshaw, Prosecuting Attorney and Mr. R. Randolph Rumble, Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellant.*

*Mr. Charles E. Smith, Portsmouth, Ohio, for Appellee.*

*Per Curiam.*

This is a consolidation of two appeals. The first is from a judgment entered by the Scioto County of Common Pleas granting summary judgment in favor of Leonard Penrod, appellee herein, and against The Prosecuting Attorney of Scioto County, appellant herein. The second judgment appealed from was entered by The Scioto County Court of Common Pleas upon a motion for judgment pursuant to the mandate of this court entered on January 15, 1988, in favor of appellee and against the State of Ohio, appellant herein.[1] The following error is assigned in No. 1771:

"ASSIGNMENT OF ERROR: The trial court erred in denying the motion for summary judgment filed by the defendant-appellant (the prosecuting attorney), and in granting summary judgment in favor of the plaintiff-appellee."

In the second appeal, No. 1818, the following error is assigned:

"ASSIGNMENT OF ERROR: The Court of Common Pleas erred to the prejudice of the appellant by misconstruing and changing the mandate of the Court of Appeals in Case No. CA-1448 and ordering that the sum of $12,645.00 be 'returned' to the appellee." Further, appellee cross-appealed from the first judgment, No. 1771, and his assigned error is as follows:

"*ASSIGNMENT OF ERROR*: THE TRIAL COURT ERRED IN NOT AWARDING THE PLAINTIFF-APPELLANT PRE-JUDGMENT INTEREST."

The two appeals herein are the third and fourth times the issues pertinent to our discussion have been before this court. The salient facts are set forth in *State v. Penrod* (Dec. 19, 1984), Scioto App. No. 1448, unreported (*Penrod I*), as follows: (It is noted that the appellant in *Penrod I* is appellee herein and vice versa.)

"The record reflects that on April 21, 1982, Leonard Pendrod, defendant below and appellant herein, was registered in a room in the Days Inn Motel in Wheelersburg, Scioto County, Ohio. Later that day, appellant was apprehended behind a car wash in Wheelersburg with a quantity of marijuana which was located in a truck. Appellant was arrested and charged with trafficking in drugs. At the time of the arrest, appellant had $1,600.00 in cash on his person.

"On the following day, law enforcement personnel went to the Days Inn Motel and with the aid of the motel manager, gained entrance to the room registered to appellant and seized appellant's suitcase. At the time, the officer did not have a search warrant or the consent of appellant. Apparently, a warrant to search the

suitcase was obtained on April 23, 1982, the day after the suitcase was seized from the motel room. The suitcase contained, inter alia, $12,645.00 in cash, a small amount of marijuana and some other pills.

"Appellant subsequently pled guilty to trafficking in marijuana and the court below sentenced him to one to ten years. The Court later released appellant on shock probation.

"Appellant, prior to his guilty plea, in response to a question by the prosecuting attorney and his investigators stated that the money in the suitcase was not his and that he knew nothing about the money. Appellant admitted that the personal items in the suitcase were his.

"On May 21, 1982, appellee filed the original motion to dispose of the $12,645.00 and the pick-up truck which contained the marijuana and was seized at the time of appellant's arrest. The owner of the truck, one Cathy Storck, filed a motion in opposition to the prosecutor's application for disposal as it pertained to the truck. On July 16, 1982, appellant filed a motion to recover the $1,600.00 in cash which was found on appellant at the time of the arrest and the suitcase and other personal items be returned to appellant. The court continued the matter with respect to the disposition of the money found in the suitcase. The record is silent as to the ultimate disposition of the truck.

"On August 3, 1982, another hearing was held. Appellee's witnesses testified that appellant disclaimed ownership of the money. Appellant testified that the money was his and that most of it represented the repayment of a loan from a friend in Hong Kong. He further testified that he disclaimed interest in the contents of the suitcase because he did not want to be charged with any further offenses due to the presence of marijuana and pills found in the suitcase. Appellant testified that he had been carrying the money in the suitcase since the preceding October. He did not produce a receipt for the money.

"The court chose not to believe appellant's testimony and found that defendant had no right to the $12,645.00. However, the court overruled the prosecutor's motion due to the fact that the prosecutor had not complied with R.C. 2933.41(B), the statutory procedure for locating any persons entitled to possession of the property.

"On October 6, 1982, appellee filed a second application to dispose of the money. Appellant filed a motion in opposition and prayed that the money be returned to him. On November 18, 1982, the court heard additional testimony offered by appellee and the arguments of counsel. The court rendered a decision On December 3, 1982, wherein the following appeared:

"'This decision of the Court was based upon two factors. First, the Court found that defendant denied any knowledge of this money from the time of his arrest on 21 April 1982, up through the entering of his "Guilty" plea on 3 May 1982. Secondly, the Court found from the evidence that defendant failed to prove through income tax returns or employment, or through any other means, that he would have legitimately earned and was entitled to this sum of money. Since no new evidence was presented by defendant at the hearing of 18 November 1982, this Court will conclude that the decision of the Court from the hearing of 2 August 1982, is res judicata as to the rights of Leonard Penrod to this money, and this Court will again deny that he is entitled to the money.'

"The court sustained appellee's motion for disposition by journal entry dated December 6, 1982."

This court reversed, holding that the money had not been lost, abandoned, forfeited, stolen, or lawfully seized. This court then remanded to the Court of Common Pleas for entry of a judgment in favor of appellee and ordering release to appellee of the monies then held by appellant. However, in the same entry cited above, the Court of Common Pleas ordered the money to be used for the purchase of certain devices used for combating drug trafficking with any remainder to be turned over to the General Fund of Scioto County. Thus, when this court held that the monies then held by appellant were to be returned to appellee, the monies had been spent and were no longer in appellant's possession.[2]

On March 7, 1985, appellee filed a complaint in conversion in the Court of Common Pleas against the prosecuting attorney seeking the $12,645 plus interest. Appellant answered denying liability. The court below held that it had no jurisdiction because the issues in the case had already been decided in the first action. Appellee appealed and this court reversed in *Penrod v. Prosecuting Attorney of Scioto County* (March 14, 1988), Scioto App. No. 1633. We held that all the requirements for jurisdiction had been met and, further, that the case was not barred by res judicata because the issue in the

first case was the applicability of R.C. 2933.41, which governs the disposition of property held by law enforcement agencies, and the present case involved an alleged conversion of funds by appellant. While the issues were similar they were not identical.

Upon remand, both parties filed motions for summary judgment with supporting memoranda. In a judgment entry filed September 26, 1988, the court below held in favor of appellee except that it awarded no prejudgment interest.

Appellee also filed a motion in the court below on January 18, 1984, requesting the court to order appellant to return all of the money it had seized from appellee based upon this court's holding in *Penrod I*. The court never ruled on the motion. Appellee renewed his motion on April 11, 1989. The court below granted that motion on April 20, 1989.

We will first address appellant's assignment of error with respect to the September 26, 1988 judgment entry in which he asserts that the court below erred in denying his motion for summary judgment and granting appellee's motion. In essence, appellant argues that since appellee's suit was based in conversion and he (appellant) was privileged in his actions, the court should have granted his motion.

In the lower court, appellee asserted two separate actions which he concluded constituted conversion. First, appellee argued that when the suitcase containing the money was seized, a conversion occurred. Second, appellee asserted that a conversion occurred when appellant spent the money pursuant to the December 6, 1982 Scioto County Common Pleas Court order because that order was subsequently rendered void by this court.

Conversion is any exercise of dominion or control wrongfully exerted over the personal property of another in denial of or under a claim inconsistent with his rights. *Ohio Tel. Equip. & Sales, Inc. v. Hadler Realty Co.* (1985, 24 Ohio App. 3d 91. See also, 1 Restatement of the Law, torts Second (1965), 431, §222A ("Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of chattel.") Generally, defenses such as good faith are inapplicable to an action in conversion because the motive of the actor is irrelevant in such an action.

However, the Restatement does set forth certain circumstances where the actor has a privilege to act and is not liable for conversion. 1 Restatement of the Law, Torts Second (1965), 499, §265 sets forth the following:

"One is privileged to commit an act which would otherwise be a trespass to a chattel or a conversion if he is acting in discharge of a duty or authority created by law to preserve the public safety, health, peace, or other public interest, and his act is reasonably necessary to the performance of his duty or the exercise of his authority." (See also, *Downs v. United States* (1975), 522 F. 2d 990.)

A second privilege is set forth in 1 Restatement of the Law, Torts Second (1965), 501, §266 as follows:

"One is privileged to commit acts which would otherwise be a trespass to a chattel or a conversion when he acts pursuant to a court order which is valid or fair on its face." (See also, *Mid-America Fire and Marine Ins. Co. v. Middleton* (Ill. App., 1984), 468 N.E. 2d 1335; *Matthews v. Densmore* (1883), 109 U.S. 216.)

In applying the foregoing analysis to the case at bar, we will fist address appellee's contention that a conversion occurred when the suitcase was seized. Appellee asserts that when appellant and/or his agents entered appellee's motel room, they had no warrant, and therefore, the search was illegal.

We note that there is nothing in the record to indicate that the search was illegal. To the contrary, appellant asserted that the suitcase was removed from the motel room at the request of the motel manager after appellee no longer had any right to occupy the room. Further, the suitcase was not opened until a search warrant was secured.

Regardless of the legality of the search, however, this situation is covered by §265 of the Restatement, supra. Appellee had been arrested, and the law enforcement officers were involved in an investigation. Comment (a) to §265 states, in part, "In the exercise of such duty or authority, the actor must act for the purpose of discharging his duty or for the purpose for which the authority is conferred, and he must exercise it in a reasonable manner, causing no unnecessary harm."

Thus, the appropriate analysis is not so much whether the search was illegal but rather whether the actions were reasonable and without unnecessary harm. If this were not the case, a law enforcement officer would run the risk of a civil suit every time he conducts a search and that search is later found to be illegal. We hold that the seizure was done in a

reasonable manner. The suitcase was seized at the request of the motel manager and was not opened until a search warrant was obtained. Further, no harm came to any of appellee's property when it was seized.

Therefore, no conversion occurred at the time of the seizure.

Appellee's second argument is that a conversion occurred when appellant spent the money pursuant to a judgment which was subsequently rendered void. The court below held for appellee on this ground. It stated that §266 of the Restatement, supra is to protect sheriffs and constables from suit for conversion in executing a legal process issued by a court and was inapplicable to the disbursement of money by appellant. The court below reaches this conclusion because the comments to §266 refer to sheriffs and constables.

We are unable to give §266 such a narrow reading. If a person, other than a sheriff or constable executing a legal process, acts pursuant to a facially valid judgment, he should be able to rely upon the judgment without concern of being sued in conversion if that judgment is later reversed or nullified. At the time the judgment is initially rendered, a party must be able to rely upon it as a valid judgment, or the judgment would have no meaning at all. We have found several cases which apply §266 of the Restatement, supra, to parties other than sheriffs and constables. See e.g. *Mid American Fire & Marine Ins. v. Middleton*, supra, (court applied §266 to beneficiaries of a court approved wrongful death settlement when insurance company sued for reimbursement); *American States Ins. Co. v. Citizens Fid. Bank* (Ky. App., 1984), 662 S.W. 2D 851 (court applied §266 to bank which was sued in conversion after bank had, pursuant to a garnishment order, as garnishee, paid out funds of an estate even though the funds of the estate were exempt from attachment).

Although §266 is applicable to appellant, we must still determine whether the judgment relied upon by appellant was facially valid or fair, albeit erroneous.

There are three requirements to be met before an order is deemed valid or fair, to wit: "(1) it must be regular in form (2) it must be issued by a court having authority to issue the particular order and having jurisdiction over the personal property described in it, and (3) all proceedings required for its proper issuance must have duly taken place." *American States Ins. Co. v. Citizens Fid. Bank*, supra.

The order relied upon in the case sub judice did meet these requirements. The form of the order was regular. The Scioto County Court of Common Pleas did have jurisdiction over the money appellant sought forfeited. See R.C. 2933.41(D). Finally, the proceedings necessary pursuant to R.C. 2933.41 took place. In fact, the court dismissed appellant's first application because appellant had not complied with R.C. 2933.41(B) which requires an attempt to be made to locate any persons entitled to possession. It was only after appellant's second application which did satisfy the requirements that the court entered the judgment in favor of appellant.

We hold, therefore, that the order was valid or fair on its face and the fact that this court later held that judgment to be void is irrelevant to the issue of whether appellant could rely upon the judgment when originally entered. Accordingly, appellants' assignment of error with respect to the judgment entry filed September 26, 1988 is sustained.

We will next address appellant's assignment of error with respect to the April 20, 1989 judgment in which he asserts that the lower court erred in sustaining appellant's motion and in ordering appellant to return the $12,645 to appellee. There was apparently confusion caused by this court's judgment entry filed on January 15, 1984 where we stated, in pertinent part, as follows:

"It is therefore ordered by the Court that the judgment of the trial court be, and the same hereby is, reversed and held for naught, and that the cause be remanded to the Court of Common Pleas of Scioto County for entry of a judgment in favor of Defendant-Appellant Penrod and *Ordering release to appellant of the monies now held by the Prosecuting Attorney which was [sic] the subject of this action.*" (Emphasis added.)

Appellant asserts that the meaning of "monies now held" is money the prosecutor actually had possession of rather than all the money seized. Accordingly, appellant only returned the $2,020 still in his possession.[3] Appellant asserts that this court was aware that the money had already been spent and, therefore, if we had intended appellant to return all of the money, the entry would have specifically so stated.

We do not concur in appellant's analysis. The ambiguous judgment entry must be read in light of the decision in *Penrod I* wherein this court held that since appellant had not met his

burden of proving the money was lost, abandoned, forfeited, stolen, or lawfully seized, he was not entitled to the money. Thus, when we held that the judgment was held for naught, appellant was then entitled to a return of the money seized, whether or not appellant had already spent it. See Restatement of the Law, Restitution (1937), 302, §74. To hold, as appellant would have us, would encourage action such as that taken by appellant--i.e., immediately to enforce a judgment before the other party has the opportunity to stay execution pending an appeal. A litigant should not be rewarded for such actions. Accordingly, we hold that our prior judgment remanded for an order to appellant to return all monies seized by appellant. Therefore, appellant's assignment of error is overruled.

We will finally address appellee's cross-assignment of error in which he asserts that the court below erred in not awarding prejudgment interest pursuant to R.C. 1343.03. The subsection upon which appellant must be relying is R.C. 1343.03(C) which reads as follows:

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, *if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay money failed to make a good faith effort to settled the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."* (Emphasis added.)

In the case at bar, no motion was made to the court below; therefore, the court did not err in not awarding prejudgment interest. Accordingly, appellant's cross-assignment of error is overruled.

The judgment of the court below in case number 1771 is reversed and remanded with an order for the court to enter summary judgment in favor of appellant. In case number 1818, the judgment of the court below is affirmed.

*Judgment reversed in Case No. 1771*
*and affirmed in Case No. 1818*

ABELE, P.J., Concurs:
GREY, J., Concurs:
STEPHENSON, J., Concurs:

---

[1] Although one of the appeals includes the Prosecutor of Scioto County and the other involves the State of Ohio, both cases involve the same fact pattern and the Prosecutor is the real party in interest in both. Thus, both cases involve the same appellant.

[2] Apparently, all of the money for which appellant originally accounted was spent--i.e., $12,645--; however, through a clerical error, appellant failed to include another $2,020 which was a part of the money seized. Thus, appellant had $2,020 in his possession at the time this court reversed. That money was returned to appellant.

[3] See footnote 2.